UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL THOMAS DeARMOND, JR., | No. 2:15-cv-1262 KJN P |
| Petitioner, | |
| v. | ORDER |
| C.E. DUCART, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

Petitioner submitted a declaration that makes the showing required by § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.  28 U.S.C. § 1915(a).

Petitioner has consented to the jurisdiction of the undersigned.  (ECF No. 4.)

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  If exhaustion is to be waived, it must be waived explicitly by respondent's counsel.  28 U.S.C. § 2254(b)(3).[1]  A waiver of exhaustion, thus, may not be implied or inferred.  A petitioner satisfies the exhaustion requirement by providing the

---

[1] A petition may be denied on the merits without exhaustion of state court remedies.  28 U.S.C. § 2254(b)(2).

1

1  highest state court with a full and fair opportunity to consider all claims before presenting them to
2  the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d
3  1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

4        The petition raises three claims.  It appears that none of these claims are exhausted.  The
5  claims have not been presented to the California Supreme Court.  Further, there is no allegation
6  that state court remedies are no longer available to petitioner.  Accordingly, petitioner is ordered
7  to show cause why this action should not be dismissed on grounds that it contains only
8  unexhausted claims.[2]

9        Good cause appearing, IT IS HEREBY ORDERED that:
10        1.  Petitioner is granted leave to proceed in forma pauperis;
11        2.  Within fourteen days of the date of this order, petitioner shall show cause why this
12  action should not be dismissed on grounds that it contains only unexhausted claims for relief.
13  Dated:  July 20, 2015

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Dear1262.ord

---

[2] Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court.  In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending.  28 U.S.C. § 2244(d).