UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL THOMAS DeARMOND, JR., | No. 2:15-cv-1262 KJN P |
| Petitioner, | |
| v. | ORDER |
| C.E. DUCART, | |
| Respondent. | |

      Petitioner is a state prisoner, proceeding without counsel, with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 1915.  Petitioner consented to the jurisdiction of the undersigned. (ECF No. 4.)

      On July 20, 2015, the undersigned issued an order stating that it appeared that none of the three claims raised in the petition were exhausted.  (ECF No. 5.)  Petitioner was granted fourteen days to show cause why this action should not be dismissed on grounds that it contained only unexhausted claims for relief.  (Id.)

      On August 10, 2015, petitioner filed a response to the show cause order.  (ECF No. 6.) Petitioner states that the attorney who represented him on direct appeal in state court informed him that all of his claims were exhausted.  (Id.)  Attached as an exhibit to the original petition is a letter addressed to petitioner from his appellate counsel stating that the California Supreme Court denied his petition for review.  (ECF No. 1 at 11.)

In the petition, petitioner states that the three claims presented were either newly discovered or neglected by appellate counsel.  (Id. at 5.)  In other words, none of the three claims presented in the instant petition were raised on direct appeal and presented to the California Supreme Court in the petition for review.  It appears that only those claims raised in petitioner's petition for review presented to the California Supreme Court are exhausted.

The instant action cannot proceed because it contains only unexhausted claims.  Picard v. Connor, 404 U.S. 270 (1971).   However, if he so wishes, petitioner may file an amended petition containing both his unexhausted claims and some or all of the exhausted claims presented to the California Supreme Court in the petition for review.  Petitioner may then request that the court stay this action while he exhausts his unexhausted claims.  Petitioner is granted thirty days to inform the court how he wishes to proceed.  If petitioner files a motion to stay, he shall follow the procedures outlined in either Rhines v. Weber, 544 U.S. 269 (2005), or Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), overruled on other grounds by Robbins v. Carey, 481 F.3d 1143 (9th Cir. 2007). [1]

---

[1] A federal district court may not address a petition for writ of habeas corpus unless the petitioner has exhausted state remedies with respect to each claim raised.  Rose v. Lundy, 455 U.S. 509, 515 (1982).  A petition is fully exhausted when the highest state court has had a full and fair opportunity to consider all claims before the petitioner presents them to the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971).  "[P]etitioners who come to federal courts with 'mixed' petitions run the risk of forever losing their opportunity for federal review of the unexhausted claims."  Rhines v. Weber, 544 U.S. 269, 275 (2005).

Federal district courts should stay mixed petitions only in limited circumstances.  Id. at 277.  A district court may stay a mixed petition if (1) the petitioner demonstrates good cause for failing to have first exhausted all claims in state court; (2) the claims potentially have merit; and (3) petitioner has not been dilatory in pursuing the litigation.  Id. at 277–78.

In the alternative, a court may stay a mixed petition if (1) the petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner to proceed to exhaust the deleted claims in state court; and (3) petitioner later amends his petition and reattaches the newly exhausted claims to the original petition.  Kelly v. Small, 315 F.3d 1063, 1070–71 (9th Cir. 2003), overruled on other grounds by Robbins v. Carey, 481 F.3d 1143 (9th Cir. 2007).  The Kelly procedure is riskier than the Rhines procedure since it does not protect the petitioner's unexhausted claims from expiring during the stay.  King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009).  Despite the risk of the unexhausted claims becoming time-barred in the course of the Kelly procedure, a petitioner may elect to use that alternative since it does not require him to demonstrate good cause as Rhines does.  King, 564 F.3d at 1140.

1  Accordingly, IT IS HEREBY ORDERED that petitioner is granted thirty days from the
2  date of this order to inform the court how he wishes to proceed; if petitioner does not respond to
3  this order, this action will be dismissed.
4  Dated: August 31, 2015

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Dear1262.fb